# EXHIBIT A

SPECIAL CIVIL PART SUMMONS AND RETURN OF SERVICE – PAGE 2

| | |
|---|---|
| **Plaintiff or Plaintiff's Attorney Information:**<br>Name:<br>Stuart Werbin<br>Address:<br>Lo Robert S. Gitmeid & A<br>11 Broadway<br>Suite 1310<br>New York, NY 10004-<br>Telephone No.: (866) 707-4595 | Demand Amount: $15,000.00<br>Filing Fee: $50.00<br>Service Fee: $7.00<br>Attorney's Fees<br>TOTAL |

John Shilkoski

versus

Gc Services Lp

**Plaintiff(s)**

**Defendant(s)**

SUPERIOR COURT OF NEW JERSEY

LAW DIVISION, SPECIAL CIVIL PART

MIDDLESEX COUNTY
Po Box 1146
New Brunswick, NJ 08903-146
(732) 519-3765

Docket Number: **DC-009348-13**
(to be provided by the court)

Civil Action

SUMMONS

Contract_Reg

**Defendant(s) Information: Name, Address & Phone**

Gc Services Lp
6330 Gulfton Ste 303  Houston, TX 77081

**RECEIVED**
JUN −7 2013
**LAW DEPT.**

Date Served: 06/05/2013

RETURN OF SERVICE IF SERVED BY COURT OFFICER (For Court Use Only)

Docket Number: _____
Date:_____ Time: _____ WM_____ WF_____ BM_____ BF_____ OTHER_____
HT____ WT____ AGE____ HAIR_____ MUSTACHE_____ BEARD_____ GLASSES_____
NAME:_____ RELATIONSHIP:_____
Description of Premises: _____

I hereby certify the above to be true and accurate:

_____
Special Civil Part Officer

FILED May 31, 2013

The Law Offices of
Robert S. Gitmeid & Assoc., PLLC
11 Broadway, Suite 1310
New York, NY 10004
Tel (866) 707-4595 ext. 1004
Fax (866) 460-5541
Stuart.Werbin@gitmeidlaw.com
Attorneys for Plaintiff
  John Shilkoski

# SUPERIOR COURT OF NEW JERSEY
# LAW DIVISION SPECIAL CIVIL PART
# MIDDLESEX COUNTY

| | |
|---|---|
| John Shilkoski,<br>Plaintiff,<br><br>– against–<br><br><br><br>GC Services Limited Partnership,<br>Defendant(s). | Docket No.   **DC-009348-13**<br><br>PLAINTIFF'S COMPLAINT |

/s/ Stuart Werbin
Stuart Werbin, Esq.

Plaintiff, complaining of Defendant(s), states as follows:

## COMPLAINT

### Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### Parties

2. Plaintiff, John Shilkoski, is an adult residing in Middlesex County, New Jersey.

3. Defendant GC Services Limited Partnership is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 6330 Gulfton, Ste. 303, Houston, TX 77081. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

### Factual Allegations

6. Defendant GC Services Limited Partnership attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to American Express.

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

8. GC Services Limited Partnership sent Plaintiff a dunning letter dated May 18, 2013.

9. The front of this letter does not contain the statutorily required notice that GC Services Limited Partnership is a debt collector, as required by the FDCPA.

10. Additionally, the front of the letter does not contain the statutory notice, required by the FDCPA, that the debtor has a right to dispute the debt within 30 days, and the right to have verification of the debt mailed to the debtor.

11. The above-mentioned statutory notices are on the back of the letter, in faded print which is difficult to read.

12. At the very bottom of the front of the letter, almost as a footnote, is a notice to see the "reverse side" for "consumer information." This notice is strategically placed far from the body of the letter in order to prevent Plaintiff from seeing it.

13. Thus, Plaintiff was not advised of Plaintiff's right to dispute the debt within 30 days, and the right to have verification of the debt mailed to Plaintiff, as required by the FDCPA.

14. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its

actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

17. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, emotional and mental pain and anguish.

**<u>Claims for Relief</u>**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

Defendant GC Services Limited Partnership violated provisions of the FDCPA, including, but not limited to, the following:

The FDCPA § 1692e(11) requires that a debt collector disclose in all communications that the communication is from a debt collector. § 1692g(a)(3) states that the initial communication from a debt collector must state that the debtor has the

right to dispute the debt within 30 days. § 1692g(a)(4) states that the initial communication from a debt collector must state the right to have verification of the debt mailed to the debtor. Defendant failed to properly include these statutory notices in its dunning letter. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up $1,000, attorney's fees and costs.

Wherefore, Plaintiff respectfully submits that judgment in the sum of $15,000 be entered against Defendants for the following:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,	The Law Offices of Robert S. Gitmeid & Assoc., PLLC
Attorneys for Plaintiff
John Shilkoski

By: /s/ Stuart Werbin
Stuart Werbin
May 31, 2013

Certification

The undersigned attorneys for the plaintiff certify that the matter in controversy is not the subject of any other action pending in any Court or a pending arbitration proceeding, nor

is any other action or arbitration proceeding contemplated. I certify that confidential person identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: May 31, 2013         Signature: /s/ Stuart Werbin
                                      Stuart Werbin

The Law Offices of
Robert S. Gitmeid & Assoc., PLLC
11 Broadway, Suite 1310
New York, NY 10004
Tel (866) 707-4595 ext. 1004
Fax (866) 460-5541

## Out of State Certification

Stuart Werbin, of full age, hereby certifies as follows:

1. Defendant GC Services Limited Partnership is located at 6330 Gulfton, Ste. 303, Houston, TX 77081.

2. GC Services Limited Partnership does not have an address in New Jersey, but is subject to jurisdiction in New Jersey since it does business in the State.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: May 31, 2013          Signature: /s/ Stuart Werbin

SUMMONS AND RETURN OF SERVICE



THE SUPERIOR COURT OF NEW JERSEY

Law Division, Special Civil Part

## SUMMONS

### YOU ARE BEING SUED!

**IF YOU WANT THE COURT TO HEAR YOUR SIDE OF THIS LAWSUIT, YOU MUST FILE A WRITTEN ANSWER WITH THE COURT WITHIN 35 DAYS OR THE COURT MAY RULE AGAINST YOU. READ ALL OF THIS PAGE AND THE NEXT PAGE FOR DETAILS.**

In the attached complaint, the person suing you (who is called *the plaintiff*) briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. You are cautioned that if you do not answer the complaint, you may lose the case automatically, and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment and the judgment is valid for 20 years.

You can do one or more of the following things:

1. *Answer the complaint.* An answer form is available at the Office of the Clerk of the Special Civil Part. The answer form shows you how to respond in writing to the claims stated in the complaint. If you decide to answer, you must send it to the court's address on page 2 and pay a $15 filing fee with your answer and send a copy of the answer to the plaintiff's lawyer or to the plaintiff if the plaintiff does not have a lawyer. Both of these steps must be done within 35 days (including weekends) from the date you were "served" (sent the complaint). That date is noted on the next page.

AND/OR

2. *Resolve the dispute.* You may wish to contact the plaintiff's lawyer, or the plaintiff if the plaintiff does not have a lawyer, to resolve this dispute. You do not have to do this unless you want to. This may avoid the entry of a judgment and the plaintiff may agree to accept payment arrangements, which is something that cannot be forced by the court. Negotiating with the plaintiff or the plaintiff's attorney will not stop the 35-day period for filing an answer unless a written agreement is reached and filed with the court.

AND/OR

3. *Get a lawyer.* If you cannot afford to pay for a lawyer, free legal advice may be available by contacting Legal Services at __732-249-7600__. If you can afford to pay a lawyer but do not know one, you may call the Lawyer Referral Services of your local county Bar Association at __732-828-3433__.

If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

La traducción al español se encuentra al dorso de esta página.

*Margaret Goodella-Kirch*

Clerk of the Special Civil Part

RECEIVED JUN 07 2013 PAYR